CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 0 1 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHELET SAINT LOUIS,** | ) | Civil Action No. 7:14-cv-00330 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ROANOKE MEMORIAL, et al.,** | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Michelet Saint Louis, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 that names as defendants the Roanoke Memorial Hospital ("Hospital") and the Con-Med Clinic at the Roanoke City Jail. Plaintiff complains about the medical care he received at the Hospital and the Roanoke City Jail while incarcerated. This matter is before the court for screening, pursuant to 42 U.S.C. § 1997e(c). After reviewing the record, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[1] West v. Atkins, 487 U.S. 42, 48 (1988). Neither the Hospital, which is merely a building, nor the Con-Med Clinic or medical department inside the Roanoke City Jail is a

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

"person" for purposes of § 1983. See, e.g., Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983). Even if Plaintiff attempted to name a non-corporeal person as a defendant, he does not describe any relevant policy or custom. See, e.g., Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982). Accordingly, Plaintiff fails to state a claim upon which relief may be granted against these defendants, and the Complaint is dismissed without prejudice.

ENTER: This 1st day of August, 2014.

Senior United States District Judge